## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE WASHINGTON NEWSPAPER | ) | |
| PUBLISHING COMPANY, LLC | ) | |
| 1015 15th Street, N.W., Suite 500 | ) | |
| Washington, DC 20005, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| CONSUMER FINANCIAL | ) | |
| PROTECTION BUREAU | ) | |
| 1700 G Street, N.W. | ) | |
| Washington, DC 20220, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff The Washington Newspaper Publishing Company, LLC brings this action against Defendant Consumer Financial Protection Bureau to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").   As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.       Plaintiff The Washington Newspaper Publishing Company, LLC is organized under the laws of the State of Delaware and has its principal place of business at 1015 15th Street, N.W., Suite 500, Washington, DC 20005.   Plaintiff The Washington Newspaper

Publishing Company, LLC is the publisher of *The Washington Examiner*, which maintains a continuously updated web site and releases a weekly magazine that appears 37 times each year. Public policy, political news and analysis are the primary topics of interest for the web site and the magazine.

4.      Defendant is an agency of the U.S. Government and is headquartered at 1700 G Street, N.W., Washington, DC 20220.    Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On July 24, 2013, Richard Pollock, Senior Investigative Reporter at the *Washington Examiner* and an employee of Plaintiff, filed a FOIA request with Defendant seeking access to certain records concerning the renovation of Defendant's headquarters.

6.      By letter dated September 19, 2013, Defendant informed Plaintiff of its final determination.    Defendant stated that it had located 257 pages responsive to its July 24, 2013 FOIA request.    In addition, Defendant informed Plaintiff that of those 257 pages it was withholding 254 pages in their entirety pursuant to FOIA Exemptions 5 and 6.

7.      By letter dated September 25, 2013, Plaintiff sent a timely administrative appeal of Defendant's final determination.    Specifically, Plaintiff appealed the withholding of 254 pages in their entirety as well as the adequacy of Defendant's search for responsive records.

8.      By letter dated October 30, 2013, Defendant informed Plaintiff that it granted in part and denied in part its September 25, 2013 administrative appeal.    Specifically, Defendant affirmed the determination to withhold the 254 pages in their entirety pursuant to FOIA Exemptions 5 and 6.    In addition, Defendant determined that the original search may have failed to identify all records responsive to the July 24, 2013 FOIA request.    Defendant also

informed Plaintiff that its FOIA request was being remanded to Defendant's FOIA office for additional review.

9.      By letter dated December 19, 2013, Defendant informed Plaintiff that it conducted an additional search and had located 93 additional pages of responsive records.    In addition, Defendant informed Plaintiff it was withholding 81 of those pages in their entirety pursuant to FOIA Exemptions 5 and 6.

10.     By letter dated January 10, 2014, Plaintiff sent a timely administrative appeal of Defendant's determination to withhold the 93 additional pages in their entirety.

11.     By letter dated February 10, 2014, Defendant affirmed its determination to withhold the 93 additional pages in their entirety.

12.     Because Defendant has denied Plaintiff's administrative appeals of September 25, 2013 and January 10, 2014, Plaintiff has exhausted all administrative remedies with respect to its July 24, 2013 FOIA request.    5 U.S.C. § 552(a)(6)(A)(ii).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

13.     Plaintiff realleges paragraphs 1 through 12 as if fully stated herein.

14.     Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

15.     Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive

to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all

non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any

responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to

withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant

Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action

pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems

just and proper.

Dated:   March 18, 2014                                      Respectfully submitted,

                                                             /s/ Michael Bekesha
                                                             Michael Bekesha
                                                             D.C. Bar No. 995749
                                                             JUDICIAL WATCH, INC.
                                                             425 Third Street S.W., Suite 800
                                                             Washington, DC 20024
                                                             (202) 646-5172

                                                             *Counsel for Plaintiff*